```
            IN THE UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF DELAWARE

JEREMIAH N. HARRISON, SR.,      :
                                :
            Plaintiff,          :
                                :
     v.                         :   Civil Action No. 03-243-JJF
                                :
SGT. MARK CHRISTOPHER and       :
CITY OF WILMINGTON POLICE       :
DEPARTMENT,                     :
                                :
            Defendants.         :
```

Jeremiah N. Harrison, Sr., <u>Pro Se</u> Plaintiff.

Alex J. Mili, Jr., Esquire, Senior Assistant City Solicitor, Wilmington, Delaware.
Attorney for Defendants.

<u>MEMORANDUM OPINION</u>

Harrison v. Christopher, et al                                    Doc. 30

May 25, 2007
Wilmington, Delaware

**Farnan, District Judge.**

Pending before the Court is Defendants' Motion For Summary Judgment (D.I. 18).[1] For the reasons discussed, the Court will grant the Motion.

**I.   BACKGROUND**

According to Plaintiff, Jeremiah N. Harrison, Sr., on February 5, 2003, officers from the Wilmington Police Department apprehended him at gun point while on the front steps of his home. The officers told the Plaintiff he matched the description of a drug dealer in the vicinity. The police officers handcuffed the Plaintiff and took him in the patrol car to the police station. At the station, Plaintiff alleges that he was taken to a holding cell and told to remove his clothing. Police officers then conducted a visual body cavity search of the Plaintiff's buttocks and mouth. No contraband was found. Plaintiff alleges that he was told he wasn't a criminal yet but would be soon. Plaintiff alleges the police took his photo and told him that he now has a "file." Plaintiff further alleges that the police officers placed the handcuffs on his wrists too tightly and refused to adjust them upon his request. Plaintiff also alleges that, while in the patrol car, the police officers drove around

---

[1] Also pending before the Court are Plaintiff's Motion To Amend/Correct (D.I. 17) and Plaintiff's Motion In Objection To Defendant's Motion (D.I. 23). Because the Court will grant the Motion For Summary Judgment, Plaintiff's Motions will be denied as moot.

1

the neighborhood with the vehicle's interior lights on in order for neighbors to see him. Plaintiff was released from custody without being charged.

According to Sgt. Christopher's police report (D.I. 21, Ex. A) and the Initial Crime Report (D.I. 19, Ex. D), at the time of Plaintiff's arrest, two Wilmington Police officers, Detectives Cuadrado and Armorer, were conducting surveillance of suspected drug dealing activity in the 800 block of Monroe Street with the help of a past proven and reliable confidential informant. At the direction of the detectives, the informant approached a suspected drug dealer in order to make a transaction, then returned to meet with the detectives. The informant gave the detectives two bags containing crack cocaine and a physical description of the dealer as being a black male, approximately six feet and two inches in height, wearing a black jacket, a black baseball cap with a New York logo, and blue jeans. The detectives communicated this description to other Wilmington Police officers working in the vicinity. The officers, driving in the 600 block of West 8th Street, identified Plaintiff as someone who fit the description previously provided by the informant. The officers apprehended the Plaintiff and obtained positive identification from the confidential informant. The Plaintiff was frisked for weapons and contraband but the officers found none. The officers then transported the Plaintiff to the

police station in order to perform a visual body cavity search for drugs. When the search yielded no drugs, the officers released Plaintiff from custody.

On March 3, 2003, Plaintiff, a pro se litigant, filed this action pursuant to 42 U.S.C. § 1983 alleging discriminatory treatment based on race during the custodial arrest by officers of Wilmington Police Department in violation of his Fourteenth Amendment rights. By letter dated January 22, 2004, Defendants' counsel informed the Court that he received from Plaintiff what appeared to be an amended complaint. However, Plaintiff did not file a formal motion for leave to amend his Complaint. By letter dated January 19, 2006, the Court noted the absence of a motion to amend and an amended complaint filed with the Court and directed Plaintiff to inform the Court within ten days whether he wished to proceed with the claims as originally alleged in his Complaint. (D.I. 12). By letter dated January 26, 2006, Plaintiff responded that he wished "to move forward as soon as possible." (D.I. 13). The Court construes this request to reflect Plaintiff's intention to proceed with the action as originally filed. Accordingly, the Court will consider only the claim asserted in Plaintiff's original Complaint (D.I. 2); namely, race discrimination in violation of his Fourteenth Amendment rights against Defendants Sgt. Mark Christopher and the Wilmington Police Department.

On October 13, 2006, Defendants filed the instant Motion For Summary Judgment. On January 23, 2007, the Court ordered Defendants to respond to a discovery request by Plaintiff (D.I. 24). On February 9, 2007, Defendants filed a Notice Of Service of their response to the discovery request (D.I 26). On February 16, 2007, the Court issued an Order allowing Defendants to submit a supplemental brief in support of their Motion For Summary Judgment (D.I. 27). Defendants did not file a supplemental brief. Plaintiff, however, filed a supplemental brief in opposition to the original Motion with two pages titled, "Amended Complaint," which appears to add two defendants and allege additional claims including assault, battery, rape, and negligence. (D.I. 28). Plaintiff did not file a motion for leave to amend his Complaint. Thus, the Court will consider only the claim asserted in Plaintiff's original Complaint (D.I. 2).[2]

---

[2] To the extent that Plaintiff's supplemental brief could be construed as a motion for leave to amend the complaint, the Court will deny the motion. Rule 15(a) of the Federal Rules of Civil Procedure provides that, if a responsive pleading has already been filed, "a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). The grant or denial of a motion to amend is within the discretion of the Court. Zenith Radio Corp. v. Hazeltine Research, 401 U.S. 321, 330 (1971). However, the United States Supreme Court has cautioned that leave should be freely granted unless there is an apparent reason for denying a request such as: undue delay, bad faith, dilatory motive, undue prejudice, or futility of the claims. Foman v. Davis, 371 U.S. 178, 182 (1962); Adams v. Gould, Inc., 739 F.2d 858, 864 (3d Cir. 1984). In the instant action, Plaintiff was notified of the need to file a motion for leave to amend with an amended complaint by the Court's letter dated January 19, 2006. Since that time, Plaintiff has had ample opportunity to file the appropriate documents to amend his complaint. Thus, the Court concludes that

**II. PARTIES' CONTENTIONS**

By its Motion, Defendants contend that they are entitled to summary judgment as a matter of law because Plaintiff's claim against Sgt. Christopher is barred by qualified immunity and Plaintiff's claim against the Wilmington Police Department is barred by the <u>Monell</u> doctrine.  Defendants further contend that two procedural issues bar Plaintiff's claims because the Wilmington Police Department is not a juridical entity with the legal capacity to be sued and Plaintiff has not effectuated proper service of process on either Defendant.

**III. LEGAL STANDARD**

In pertinent part, Rule 56(c) of the Federal Rules of Civil Procedure provides that a party is entitled to summary judgment if a court determines from its examination of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," that there are no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c).  In determining whether there is a triable dispute of material fact, a court must review all of the evidence and construe all inferences in the light most favorable to the non-moving party. <u>Valhal Corp. v. Sullivan Assocs., Inc.</u>, 44 F.3d 195, 200 (3d Cir.

---

in its exercise of discretion, at this late stage in the litigation and after the close of discovery, leave to amend is not warranted and must be denied.  Accordingly, the Court will consider only the claim asserted in Plaintiff's original Complaint (D.I. 2).

5

1995). However, a court should not make credibility determinations or weigh the evidence. <u>Reeves v. Sanderson Plumbing Prods., Inc.</u>, 530 U.S. 133, 150 (2000). To properly consider all of the evidence without making credibility determinations or weighing the evidence, a "court should give credence to the evidence favoring the [non-movant] as well as that 'evidence supporting the moving party that is uncontradicted and unimpeached, at least to the extent that that evidence comes from disinterested witnesses.'" <u>Reeves v. Sanderson Plumbing Prods., Inc.</u>, 530 U.S. 133, 151 (2000).

To defeat a motion for summary judgment, the non-moving party must "do more than simply show that there is some metaphysical doubt as to the material facts. . . . In the language of the Rule, the non-moving party must come forward with 'specific facts showing that there is a genuine issue for trial.'" <u>Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.</u>, 475 U.S. 574, 586-87 (1986). However, the mere existence of some evidence in support of the non-movant will not be sufficient to support a denial of a motion for summary judgment; there must be enough evidence to enable a jury to reasonably find for the non-movant on that issue. <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 249 (1986). Thus, if the evidence is "merely colorable, or is not significantly probative," summary judgment may be granted. <u>Id.</u>

**IV. ANALYSIS**

    A.  <u>Whether There Are Genuine Issues Of Material Fact</u>

Upon examination of the pleadings and additional documents filed in this action and construing the evidence in the light most favorable to Plaintiff, the Court concludes that Plaintiff has not adduced specific facts showing that there are genuine issues of material fact for trial. Defendants do not object to Plaintiff's allegations that he was apprehended, arrested, and subjected to a visual body cavity search at the police station. Plaintiff also alleges that he was attacked and that his constitutional rights were violated by the arrest. However, Plaintiff "may not rest upon the mere allegations or denials" of his pleading. <u>Fed. R. Civ. P.</u> 56(e). Rather, Plaintiff must present specific facts, by affidavit or other information gained through the discovery process, showing there is a genuine issue for trial. <u>Id</u>. Further, factual disputes that are irrelevant, in light of the substantive law governing the outcome of the suit, are not material for purposes of summary judgment. <u>Anderson</u>, 477 U.S. at 248. In the instant action, the claim at issue is whether Defendants violated Plaintiff's rights under the Fourteenth Amendment. After considering the record evidence, the Court concludes that Plaintiff has not presented sufficient evidence to enable a jury to reasonably find that the police acted with discriminatory animus in violation of Plaintiff's constitutional rights. As such, the Court concludes that there

are no genuine issues of material fact, and therefore, will address whether Defendants are entitled to judgment as a matter of law.

    B.    <u>Whether Defendants Are Entitled To Judgment As A Matter Of Law On The Claim Against Sgt. Christopher</u>

A public official is entitled to qualified immunity if the official's conduct does not violate clearly established statutory or constitutional rights that a reasonable person would have known. <u>Harlow v. Fitzgerald</u>, 457 U.S. 800, 818 (1982); <u>Good v. Dauphin County Social Servs. for Children & Youth</u>, 891 F.2d 1087, 1092 (3d. Cir. 1989). A court confronted with a claim of qualified immunity must consider, first, whether the facts alleged, when taken in the light most favorable to the party asserting the injury, show that the official's conduct violated a constitutional right. <u>Saucier v. Katz</u>, 533 U.S. 194, 201 (2001). If not, the inquiry ends, and the officer is entitled to qualified immunity. <u>Id</u>. If, however, a constitutional violation could be alleged when viewing the injured party's allegations favorably, the Court must next consider whether the right was clearly established. <u>Id</u>. For a right to be clearly established, "the contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right." <u>Anderson v. Creighton</u>, 483 U.S. 635, 640 (1987).

The Court concludes that, even crediting Plaintiff's allegations, the record evidence establishes that the officers had probable cause to arrest, detain, and search the Plaintiff. "Law enforcement authorities do not need a warrant to arrest an individual in a public place as long as they have probable cause to believe that person has committed a felony." United States v. Burton, 288 F.3d 91, 98 (3d. Cir. 2002) (quoting United States v. McGlory, 968 F.2d 309, 342 (3d. Cir. 1992)). Probable cause exists where the facts and circumstances within the arresting officer's knowledge are sufficient to lead a reasonable person to believe that an offense has been committed. McGlory, 968 F.2d at 342. Plaintiff has not presented evidence to impeach or dispute Defendants' allegation that the police officers relied on a description provided by a reliable confidential informant of a person involved in the sale of drugs when they searched for a suspect and identified the Plaintiff. More than mere reliance on the physical description, the police officers obtained positive eyewitness identification by the informant before arresting the Plaintiff. Furthermore, Plaintiff was apprehended in the vicinity of ongoing drug selling activity. Thus, the Court concludes the police officers had probable cause for the arrest and the arrest did not violate Plaintiff's constitutional rights.

Additionally, with respect to the visual body cavity search, the Court concludes that the police officers did not violate

9

Plaintiff's constitutional rights. A search incident to a lawful arrest is generally not a violation of a constitutional right. Chimel v. California, 395 U.S. 752, 763 (1968). This includes a search of the arrestee's person or area within his immediate control for weapons or evidence. Id. The same standard applies even when a strip search is conducted. See U.S. v. LePree, 434 F.2d 1034, 1035-36 (3d. Cir. 1970) (finding a strip search was lawful where the officers had probable cause to arrest the suspect). According to a report written by Sgt. Christopher, "drug dealers are known to carry drugs down their pants and between their buttocks." (D.I. 19, Ex. D). The Court concludes that, in these circumstances, it was not unreasonable for police to conduct a routine visual body cavity search to search for evidence. Thus, the search did not violate Plaintiff's constitutional rights.

Further, the Court concludes that Plaintiff has not adduced sufficient evidence for a jury to reasonably conclude that the officers purposefully discriminated on the basis of race when arresting and searching the Plaintiff. To make out a claim for race discrimination under 42 U.S.C. § 1983, the plaintiff must show he was purposefully discriminated against because of his race. Andrews v. City of Philadelphia, 895 F.2d 1469, 1478 (3d. Cir. 1990); Evans v. Port Auth. Trans-Hudson, No. 04-4062, 2006 U.S. App. LEXIS 4349 at *20 (Feb. 23, 2006, 3d. Cir.). Plaintiff has presented no evidence of purposeful discrimination based on

10

race. To the contrary, the officers arrested and searched Plaintiff because he matched the description of a person alleged to be a drug dealer, and further, the description relied upon by the officers included identifying characteristics other than race, such as gender, clothing, and height.

In sum, the Court concludes that Sgt. Christopher is entitled to qualified immunity because his conduct, and that of the other police officers involved, did not violate Plaintiff's constitutional rights. Accordingly, the Court will not address the question of whether the right was clearly established. Further, the Court concludes that Sgt. Christopher is entitled to judgment as a matter of law and the Court will grant summary judgment as to the claim against Sgt. Christopher.

  C.  Whether Defendants Are Entitled To Judgment As A Matter Of Law On The Claim Against The Wilmington Police Department

In order to hold a municipal entity liable for a § 1983 violation, the plaintiff must prove that the alleged unconstitutional action executes or implements a policy or decision officially adopted or promulgated by those whose acts may fairly be said to represent official policy. Reitz v. County of Bucks, 125 F.3d 139, 144-45 (3d. Cir. 1997) (citing Monell v. Dept. of Social Services, 436 U.S. 658, 694 (1978)). In order to prevail, Plaintiff would have to prove that the police officers

were executing a policy or custom of the city's police department to intentionally discriminate based on race when making custodial arrests and conducting visual body cavity searches. Here, the evidence establishes that the police officers had probable cause to make an arrest and conduct a visual body cavity search. The Court has reviewed the documents submitted and concludes that Plaintiff has adduced no evidence of a policy or decision of the police department that could be interpreted to promote intentional discrimination or racial animus.

Further, assuming *arguendo* that Plaintiff could establish a constitutional injury, Plaintiff has presented no evidence that the officers were acting in accordance with an official policy or custom of racial discrimination. The Court concludes that the alleged statements made by the police while the Plaintiff was in custody are not significantly probative of discriminatory animus and not probative of a policy or official decision to discriminate on the basis of race. Therefore, the Court concludes that Defendants are entitled to judgment as a matter of law. Accordingly the Court will grant summary judgment in favor of Defendants Sgt. Christopher and the Wilmington Police Department.[3]

---

[3] Defendants also raise two procedural arguments in support of their Motion For Summary Judgment. Because the Court will grant summary judgment on the substantive issues, the Court will not address Defendants' procedural arguments.

12

## VI. CONCLUSION

For the reasons discussed, the Court will grant Defendants' Motion For Summary Judgment (D.I. 18).

An appropriate Order will be entered.